In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00208-CV
_____

FAIRLAWN ASSETS LLC, JOHN FERRANTE,
AND JARROD FREEBORN, Appellants

V.

BARBARA BOOKER, AS GUARDIAN OF THE PERSON AND
ESTATE OF M.H., Appellee

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-202,429

**MEMORANDUM OPINION**

In this accelerated interlocutory appeal, Barbara Booker, as guardian of the person and estate of M.H. (Booker), filed a motion in this Court challenging the Court's jurisdiction to consider an interlocutory appeal that arose from a motion filed in the trial court by Fairlawn Assets LLC, John Ferrante, and Jarrod Freeborn to dismiss Booker's claims under the Texas Citizens Participation Act ("TCPA"). *See*

Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-.011 (West 2015) (TCPA); *id.* § 51.014(a)(12) (West Supp. 2018) (providing for an interlocutory appeal of the denial of a motion to dismiss filed under section 27.003 of the TCPA). Fairlawn, Ferrante, and Freeborn responded to the motion, alleging that, by failing to timely rule on their motion to dismiss under the TCPA, the trial court's ruling was appealable because the trial court was deemed to have denied the motion by operation of law. *Id.* § 27.008(a). For the reasons explained below, we conclude the trial court has not yet ruled on the motion to dismiss, so Fairlawn's, Ferrante's and Freeborn's appeal must be dismissed for lack of jurisdiction.

The record from the court below reflects that on May 29, 2019, the parties appeared in the trial court for a hearing on Fairlawn's, Ferrante's and Freeborn's motion to dismiss, a motion raising grounds for dismissal under the TCPA. At the beginning of the hearing, the attorneys for the parties agreed to continue the hearing, but Booker sought not only a continuance, she also wanted the trial court to allow her to conduct discovery on questions raised by Fairlawn's, Ferrante's and Freeborn's motion to dismiss. After hearing argument on Booker's request for discovery, the trial court advised the parties that it would "allow discovery with regards to that[,]" apparently referring to Booker's request to be allowed to conduct limited discovery on the motion to dismiss.

On June 21, 2019, the trial court reduced the ruling it made during the hearing to writing by signing an order stating the trial court conducted "a full hearing, evidentiary or otherwise, particularly because it was allowing limited discovery and additional briefing based on the outcome of that discovery." The order reflects the trial court continued the hearing on the motion to dismiss "to allow the parties to conduct limited discovery . . . to be completed no later than July 22, 2019."

In their response to Booker's motion to dismiss the appeal, Fairlawn, Ferrante, and Freeborn argue the trial court heard the merits of their motion to dismiss but failed to rule on the motion within thirty days, a period they argue resulted in their motion being overruled by operation of law. In support of this position, Fairlawn, Ferrante and Freeborn rely on *Avila v. Larrea*, 394 S.W.3d 646 (Tex. App.—Dallas 2012, pet. denied). But the Legislature amended the TCPA after the Dallas Court decided *Avila*, thereby allowing trial courts to grant continuances so that parties could conduct limited discovery on issues raised by motions to dismiss under the TCPA. *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, § 1, sec. 27.004(c), 2013 Tex. Gen. Laws 2501, 2501 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.004(c)). Section 27.004(c) provides: "If the court allows discovery under Section 27.006(b), the court may extend the hearing date to allow discovery under that subsection, but in no event shall the hearing occur more than 120 days after the

3

service of the motion under Section 27.003." Tex. Civ. Prac. & Rem. Code Ann. § 27.004(c). We conclude that *Avila* does not apply to the motion that is at issue here.

Given the amendment to the TCPA that extended the deadline before trial courts are deemed to have overruled motions to dismiss, we agree with Booker that the trial court has not yet ruled on Fairlawn's Ferrante's, and Freeborn's motion to dismiss. Their motion has also not yet been overruled by operation of law. *Id*. Because the trial court has not issued a ruling subject to appeal, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
HOLLIS HORTON
Justice

Submitted on July 24, 2019
Opinion Delivered July 25, 2019

Before Kreger, Horton and Johnson, JJ.